**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

ADAM A SHAKOOR, Administrator of the
Estate of EDWARD HICKS, JR. Deceased.

        Plaintiff,

vs.                                                                                      Case No.
                                                                          Hon.

WARREN EVANS, Wayne County Sheriff in his
official capacity, JOHN DOE I, Wayne County
Sheriff's Deputy in his individual and official
capacity, JOHN DOE II, Wayne County Sheriff's
Deputy in his individual capacity, JOHN DOE III,
Wayne County Sheriff's Deputy in his individual capacity,
Investigator BARBARA SIMON, Detroit Police
Department,
jointly and severally,

        Defendants.
_____/
Hugh M. Davis (P12555)
Cynthia Heenan (P53664)
Constitutional Litigation Associates, P.C.
Attorneys for Plaintiff
450 W. Fort Street, Suite 200
Detroit, Michigan 48226
313-961-2255/Fax: 313-961-5999
conlitpc@sbcglobal.net
_____/


**COMPLAINT AND DEMAND FOR JURY TRIAL**


      Adam A. Shakoor, Adminsitrator of the Estate of Edward Hicks, Jr., for his Complaint

says:

      1.     Plaintiff, Adam A. Shakoor, was appointed on September 27, 2006 to administer

the estate of Edward Hicks, Jr. (hereinafter referred to as "Hicks").

2. Defendant Warren Evans (hereinafter referred to as "Evans") is the Sheriff of Wayne County and operates the Wayne County Jail. He is sued in his official capacity.

3. Defendant John Doe I, is a classification/booking officer at the Wayne County Jail who handled the admission of Plaintiff's decedent Hicks, on or about June 7, 2005. He is sued in his individual and official capacities.

4. Defendant John Doe II, is a Wayne County Sheriff's Deputy/Corrections Officer who was on duty at the Wayne County Jail on or about June 7, 2005, charged with the responsibility of overseeing, guarding and protecting Plaintiff's decedent He is sued in his individual capacity.

5. Defendant John Doe III, is a Wayne County Sheriff's Deputy/Corrections Officer who was on duty at the Wayne County Jail on or about June 7, 2005, charged with the responsibility of overseeing, guarding and protecting Plaintiff's decedent. He is sued in his individual capacity.

6. Defendant Barbara Simon (hereinafter referred to as "Simon"), is an investigator with the Detroit Police Department who was the officer in charge of the investigation of the shooting of Ethel Hicks by Plaintiff's decedent Hicks. She is sued in her individual capacity.

7. The case arises under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and is made actionable by 42 USC § 1983.

8. Jurisdiction is conferred by 28 USC § 1331 (federal question) and 28 USC § 1343 (civil rights).

9. Venue is proper in the Eastern District of Michigan pursuant to 28 USC § 1391, inasmuch as the cause of action arose there and all parties are residents of that district.

10.     Defendants, and each of them, were at all times acting under color of law and within the course and scope of their duties.

## COMMON ALLEGATIONS OF FACT

11.     On or about June 4, 2005, Hicks, who was suffering from Alzheimer's and dementia, having been hospitalized for those conditions within the few months prior to that date and who was the subject of proceedings which would declare him to be incompetent, shot and killed his wife, Ethel Hicks. He was 74 years old.

12.     After the shooting, Hicks was taken to Sinai Hospital where he was lodged and treated until June 7, 2005.

13.     Thereafter, without notice to the family, without arraignment before a court and without authority to do so, Defendant Simon, the officer in charge of the case being investigated by the Detroit Police Department, caused Hicks to be transferred from the hospital to the Wayne County Jail.

14.     The Wayne County Jail, operated by Defendant Wayne County Sheriff Evans, has a constitutional duty not to accept prisoners without proper authority, to properly medically evaluate incoming prisoners, to properly classify incoming prisoners, to securely house prisoners according to their medical conditions and needs and to protect prisoners from harm either from themselves, other prisoners and/or staff.

15.     Those policies and procedures were on June 7, 2005, constitutionally inadequate for the training and proper evaluation of elderly/mentally ill prisoners.

16.     Defendant John Doe I was the booking/reception/classification officer who handled the processing of Plaintiff's decedent Hicks on June 7, 2005. Regardless of the

3

inadequacies of his training and the classification/evaluation procedures of the Wayne County Jail, it was obvious to any person of common intelligence that Hicks was elderly, suffering from mental illness and dementia, in need of medical attention, unable to care for or protect himself and in need of protective custody and security.

17. Despite the obvious nature of Hicks' needs, John Doe I improperly evaluated and classified him, leaving him in the general population and housed with young and violent prisoners under circumstances where Hicks was helpless and in certain danger.

18. John Doe II was on June 7, 2005, a Wayne County Deputy Sheriff/Corrections Officer whose duty was to guard and secure the particular cell/block in which Hicks was lodged. It was or should have been obvious to him that Hicks was elderly, frail, delusional, suffering from dementia and unable to care for or protect himself. Despite these obvious needs, John Doe II took no special precautions, did not exercise the necessary vigilance and did not transfer or request a transfer of Hcks to a more secure environment.

19. John Doe III, also on June 7, 2005, was a Wayne County Deputy Sheriff/Corrections Officer whose duty was to guard and secure the particular cell/block in which Hicks was lodged. It was or should have been obvious to him that Edward Hicks, Jr. was elderly, frail, delusional, suffering from dementia and unable to care for or protect himself. Despite these obvious needs, John Doe II took no special precautions, did not exercise the necessary vigilance, did not transfer or request a transfer of Hicks to a more secure environment. There may be other similarly situated John Does.

20. Within his first day at the Wayne County Jail, Hicks was set upon and assaulted by one or more of the young and violent prisoners with whom he was housed, resulting in grievous wounds and injuries, requiring his hospitalization.

21. Defendants John Doe II and John Doe III, despite their knowledge that Hicks was frail, confused and vulnerable , took no precautions or steps to protect him and prevent the attack on him and delayed their intervention after the attacks on him began.

22. Hicks was conveyed after the attack to Detroit Receiving Hospital and then to St. John's Hospital for treatment for the results of the attack.

23. Thereafter, Hicks was transferred to a nursing facility where he lingered in a debilitated state until July 21, 2006, never recovering and unable to walk again prior to his death.

24. His death was directly and proximately caused by the attacks upon him in the Wayne County Jail on June 7, 2005.

25. The acts and failures to act by Defendants, and each of them, were the proximate cause of Hick's death, entitling his estate to damages under 42 USC § 1983 and the Michigan Wrongful Death Act (MCL 600.2922), including, but not limited to, reasonable medical, hospital, funeral and burial expenses, conscious pain and suffering prior to death, loss of financial support and the loss of society and companionship by decedent's heirs.

### COUNT I
### Violation of Civil Rigths - Unreasonable Seizure and Denial of Due Process

26. Plaintiff incorporates by reference paragraphs 1 through 25 above as though fully stated herein, paragraph by paragraph, and word for word.

27. The acts and failure to act of Defendant Simon complained of above in removing Hicks from Sinai Hospital contrary to his medical needs, without notice to his family, without warrant and without arraignment before a mutual and detached Magistrate, unreasonably deprived Hicks of his right to proper arraignment and opportunity for bail, pursuant to the Constitution and the statues of the State of Michigan and resulted in his improper lodging in the Wayne County Jail, being a violation of the Fourth Fifth and Fourteenth Amendments.

28. Thus, the damages described above were proximately caused by Defendant Simon's actions, entitling his estate to damages pursuant 42 USC § 1983, the Michigan Wrongful Death Act and attorney's fees, pursuant to 42 USC § 1988.

## COUNT II
## Governmental Liability

29. Plaintiff incorporates by reference paragraphs 1 through 28 above as though fully stated herein, paragraph by paragraph, and word for word.

30. The failure of Defendant Evans to properly promulgate, implement and train deputies and corrections officers in the screening, medical evaluation, classification and protection of elderly, ill and mentally incompetent prisoners was a direct and proximate cause of the improper placement of Hicks in general population where he was substantially certain to be victimized by younger violent prisoners.

31. This deprived Hicks of his right to due process of law and right to be free from cruel and unusual punishment as a pretrial detainee, pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

32. No immunity attaches.

33.     That failure to properly promulgate, implement and train deputies and corrections officers in such procedures was the direct and proximate cause of the attack upon Plaintiff's decedent, Edward Hicks, Jr. and his subsequent death, entitling his estate to damages pursuant to 42 USC § 1983, the Michigan Wrongful Death Act and attorney's fees, pursuant to 42 USC § 1988.

## COUNT III
### Failure to Protect, Deliberate Indifference, Due Process and Cruel & Unusual Punishment

34.     Plaintiff incorporates by reference paragraphs 1 through 33 above as though fully stated herein, paragraph by paragraph, and word for word.

35.     The acts and failures to act of John Doe I, in his individual and official capacities, in failing to properly screen, medically evaluate and classify Hicks. caused him to be improperly placed in the general population and subject to attacks by younger and violent inmates, depriving him of his right to due process and to be free from cruel and unusual punishment as a pretrial detainee, pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.

36.     The acts and failures to act of John Doe's II and III, and other similarly situated officers, to protect, secure watch, intervene and otherwise prevent injurious attacks on Hicks after he was placed in their care in the cell/block, deprived Hicks of his right to due process and to be free from cruel and unusual punishment as a pretrial detainee pursuant to Fifth and Fourteenth Amendments of the United States Constitution.

37.     The acts and failures to act of John Doe's I, II and III, were the direct and proximate cause of the attacks upon and subsequent death of Plaintiff'S decedent, Edward

Hicks, Jr., entitling his estate to damages pursuant to 42 USC § 1983, the Michigan Wrongful Death Act and attorney's fees, pursuant to 42 USC § 1988.

## CONCLUSION

WHEREFORE, Adam A. Shakoor, Administrator of the Estate of Edward Hicks, Jr., demands such compensation as is just, fair and allowable to the estate of Edward Hicks, Jr. pursuant to 42 USC § 1983, compensatory and otherwise, along with his attorney's fees, interest and costs allowable by statute and pursuant to 42 USC § 1988.

Respectfully submitted,

Constitutional Litigation Associates, P.C.

By: */s/ Hugh M. Davis*_____
Hugh M. Davis (P12555)
Cynthia Heenan (P53664)
Attorneys for Plaintiff
450 W. Fort Street, Suite 200
Detroit, Michigan 48226
313-961-2255/Fax: 313-961-5999
conlitpc@sbcglobal.net

Dated:  September 26, 2008

## **PLAINTIFF'S JURY DEMAND**

Adam A. Shakoor, Administrator of the Estate of Edward Hicks, Jr., by and through counsel, demands a trial by jury in the above-captioned matter.

        Respectfully submitted,

        Constitutional Litigation Associates, P.C.

        By: */s/ Hugh M. Davis*
        Hugh M. Davis (P12555)
        Cynthia Heenan (P53664)
        Attorneys for Plaintiff
        450 W. Fort Street, Suite 200
        Detroit, Michigan 48226
        313-961-2255/Fax: 313-961-5999
        conlitpc@sbcglobal.net

Dated:  September 26, 2008

*F:\Cases\Hicks, Edward Estate of\Pldgs\Complaint.doc*